J-A10041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAHMEEN STEELE | : | |
| | : | |
| Appellant | : | No. 1591 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0010041-2017

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JULY 23, 2021**

Appellant, Tahmeen Steele, appeals from the aggregate judgment of sentence of 12 to 25 years' incarceration, which the trial court imposed after he pleaded guilty to Aggravated Assault, Endangering the Welfare of a Child (EWOC), Simple Assault and Recklessly Endangering Another Person (REAP).[1] We affirm.

Appellant was arrested and charged with Aggravated Assault, EWOC, Simple Assault and REAP for an incident that occurred on September 14, 2017 involving his three-month-old biological daughter, A.S. Information, 11/30/17. Appellant entered into an open guilty plea on October 29, 2018 to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 4304(a)(1), 2701(a), and 2705, respectively.

the above charges. The facts presented at the guilty plea hearing were as follows:

> On . . . September 14, 2017, [Appellant] was home with [A.S.,] . . . the biological daughter of [Appellant.] [A.S.] was under three months old at the time.
>
> [Appellant] was playing video games cousin [sic] at the home when [A.S.] began to cry. [Appellant] took [A.S.] upstairs for approximately 30 to 45 minutes, brought the baby back downstairs and the baby was seizing. [Appellant] then called [A.S.'s] mother and aunt. He stated he did not want to take the child to the hospital, because he didn't want [sic] to think he did something to his daughter.
>
> Ultimately, the child was taken to Saint Christopher's hospital for children, presented as having ongoing seizures; additionally had subdural hematoma to a collection of blood outside of the brain. That was putting pressure on the brain and causing the brain to shift within the skull. . . .
>
> Additionally, the child had several hemorrhages, injury to the tissues of the ligaments of the neck and rib fractures. While at the hospital, she was treated by trauma physicians, neurosurgical physicians, the Intensive Care Unit Physicians, the Child Protection Program, physical medicine and rehabilitation, opthalmopathy and a social work team.
>
> In order to assure [A.S.] did not die, she was rushed immediately to the operating room with a neurological team that removed part of her skull to decompress the pressure on her brain.
>
> The neck injuries showed evidence of ligamented injuries which indicated that the neck itself experienced strain, had instability between the first ad [sic] second bond of the spine, which requires the child to wear a collar to stabilize her neck.
>
> Doctors concluded to a reasonable degree of medical certainty that this was a result of non-accidental trauma and inflicted injuries. This occurred when . . . [A.S.] was in the exclusive custody of [Appellant]. [A.S.] has ongoing medical complications and has been hospitalized several

> separate times as a result of this incident. It's predicted at this point that she will not live into adulthood.
>
> Further, [Appellant's] cell phone revealed that [Appellant] Google searched Shaken Baby Syndrome prior to calling the police or taking the child to the hospital.

N.T. 10/29/17, at 13-15. The trial court accepted Appellant's guilty plea. *Id*. at 17.

On January 25, 2019, the trial court sentenced Appellant to 10 to 20 years' incarceration for Aggravated Assault and two to five years' incarceration for EWOC, to run consecutive to the Aggravated Assault. The trial court imposed no further penalty for Simple Assault and the REAP conviction merged with the other charges for the purpose of sentencing. Appellant filed a timely motion to reconsider, which was denied by operation of law. Appellant filed a timely notice of appeal.[2]

_____

2  On June 4, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days. On September 9, 2019, Appellant filed a request for an extension of time to file his Rule 1925(b) statement along with his Rule 1925(b) statement. The trial court did not rule on Appellant's motion for an extension of time to file his Rule 1925(b) statement. Nevertheless, in its Rule 1925(a) opinion, the trial court addressed the issues raised in the untimely Rule 1925(b) statement. Accordingly, we overlook the untimely nature of the counseled Rule 1925(b) statement and proceed to a review of the issues raised on appeal. *See Commonwealth v. Gaston*, 239 A.3d 135, n.6 (Pa. Super. 2020); *Commonwealth v. Burton*, 973 A.2d 428, 432-433 (Pa. Super. 2009) (*en banc*) (holding counsel's failure to file a timely Pa.R.A.P. 1925(b) statement constitutes ineffectiveness *per se* and where the trial court addresses the issues in its opinion this Court may overlook the untimeliness without remanding the matter to the lower court).

Appellant presents the following issues for our review:

1. Did the sentencing court err and abuse its discretion by imposing an unduly harsh, manifestly excessive and unreasonable sentence when it failed to account for individualized sentencing?

2. Did the sentencing court err and abuse its discretion by failing to state sufficiently adequate, legal reasons for its extreme deviation from the sentencing guidelines, improperly rely upon the severity of the injuries sustained by and the age of Appellant's child, and improperly attribute intentional conduct to Appellant?

Appellant's Brief at 3-4 (reworded and suggested answers omitted).

Appellant's issues on appeal relate to the discretionary aspects of his sentence.[3] A defendant does not have an automatic right of appeal of the discretionary aspects of a sentence and instead must petition this Court for allowance of appeal, which "may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42 Pa.C.S. § 9781(b); *see also Commonwealth v. Luketic*, 162 A.3d 1149, 1160 (Pa. Super. 2017).

_____

[3] "[W]hile a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of . . . his . . . sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open* plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n. 5 (Pa. Super. 2005) (emphasis in original) (citation omitted). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id*. At 363 n. 1 (citation omitted). Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

Prior to reaching the merits of a discretionary sentencing issue, we must engage in a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his . . . issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation omitted).

In his brief, Appellant argues that the trial court: (i) did not consider Appellant's individualized circumstances, (ii) failed to state reasons for his sentence on the record, (iii) improperly relied on the severity of the injuries and age of A.S., and (iv) improperly attributed intentional conduct to Appellant. In his Post-Sentence Motion, Appellant asserted only three issues; he did not raise at sentencing or in his post-sentence motion the issue of whether the trial court improperly attributed intentional conduct to Appellant.

To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted). Therefore, his fourth issue is not preserved.

Appellant satisfied the first three requirements of the four-part analysis with regard to his remaining issues before this Court. We must, therefore,

determine whether Appellant's Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." [W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Radecki,* 180 A.3d 441, 468 (Pa. Super. 2018) (citations omitted) (brackets in original). Appellant asserts in his Pa.R.A.P. 2119(f) statement,

> [The trial] court failed to adequately examine and consider the mitigating circumstances presented as to Appellant's background, character and rehabilitative needs, and the circumstances of his offenses, and thereby failed to apply the fundamental norms of sentencing and the mandate of 42 Pa.C.S. § 9721(b). Furthermore, the sentencing court failed to state adequate reasons for the sentence, or issue a contemporaneous written statement of its reasons. . . . Additionally, in justifying its excessive deviation from the guidelines, the court double-counted factors already taken into account by the guidelines.

Appellant's Brief at 23-24.

This Court has found a substantial question exists where a sentencing court failed to consider a defendant's individualized circumstances in its imposition of sentence in violation of the Sentencing Code. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (averment

that court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question). *See also Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008).

This Court has previously found a substantial question exists where the sentencing court failed to state adequate reasons for the sentence or issue a contemporaneous written statement of its reasons. *See Commonwealth v. Vega*, 850 A.2d 1277, 1280-81 (Pa. Super. 2004); *Malovich*, 903 A.2d at 1253. Additionally, where the trial court double-counted factors already taken into account by the sentencing guidelines in justifying its excessive deviation from the guidelines, this Court has determined that a substantial question exists. *See Commonwealth v. Robinson*, 931 A.2d 15, 27 (Pa. Super. 2007) (impermissibly double-counting factors that are already incorporated into the guidelines is a substantial question); *See Commonwealth v. Goggins*, 748 A.2d 721, 731 (Pa. Super. 2000) (claim that trial court relied on factors already taken into account in determining his prior record score and offense gravity score raises a substantial question). Accordingly, Appellant presents a substantial question in the issues he preserved. We therefore consider the substantive merits of Appellant's sentencing claim.

After a thorough review of the record, including the briefs of the parties, the applicable law, and the sentencing transcripts, we conclude Appellant's issues merit no relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

In our review, this Court is guided by the mandates of 42 Pa.C.S. § 9781, which states "[t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructs if it finds . . . the sentencing court sentenced outside the guidelines and the sentence is unreasonable. In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. § 9781(c)(3). Additionally,

> In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant first argues that the trial court solely focused on the seriousness of the harm suffered by the victim in fashioning the sentence and

erroneously failed to consider or reference Appellant's personal characteristics, potential for rehabilitation, or his rehabilitative efforts. Appellant's Brief at 30-31. Appellant argues the trial court did not properly consider that Appellant presents no danger to the general public. *Id*. at 25. Additionally, Appellant states the trial court failed to consider mitigating factors, including that it was a reckless crime and Appellant otherwise was known as a truly loving father who made a tragic mistake and who expressed sincere remorse. *Id*.

Regarding individualized sentencing, this Court requires sentencing courts to "consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant[.]" *Luketic*, 162 A.3d at 1161 (citation omitted); *See also* 42 Pa.C.S. § 9721(b). This Court prohibits "a sentence of total confinement without consideration of the nature and circumstances of the crime[,] and the history, character, and condition of the defendant[.]" *Id*. (citation omitted) (first brackets in original); *See also* 42 Pa.C.S. § 9725.

This Court has made clear that when a presentence investigation report (PSI) exists, there is a presumption that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quotation marks omitted) (*citing Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

**Watson**, 228 A.3d at 936 (quotation marks omitted) (*citing* **Devers**, 546 A.2d at 18). **See also Commonwealth v. Conte,** 198 A.3d 1169, 1177 (Pa. Super. 2018).

Appellant's sentencing hearing began with a thorough discussion of the sentencing guidelines applicable to Appellant. N.T., 1/25/19 at 4-5. The trial court heard testimony from Appellant's witnesses, including his uncle, sister, N.T. 1/7/19 at 6-17, mother, father, and a letter from Appellant's friend. N.T. 1/25/19 at 11-28. Appellant testified at his sentencing and the trial court acknowledged and accepted that Appellant expressed remorse. *Id*. at 51-57; 61. A.S.'s foster mother also testified as to A.S.'s current state of health. *Id*. at 34-44.

Prior to sentencing Appellant, the trial court again stated that it considered and knew the sentencing guidelines applicable to Appellant. N.T., 1/25/19, at 58. The trial court stated that it considered the PSI report. *Id*. at 57. The trial court listed the other evidence and testimony it considered, including

the mental health report, [Appellant's] prior record score, the Commonwealth's sentencing memorandum, defense's sentencing memorandum, as well as the testimony we heard here today, as well as the child advocate's victim impact statement, along with all the documents that have been marked, including the letter of Monia Smith [A.S.'s biological mother], pictures, and everything that's part of the record, as well as the sentencing guidelines, the sentencing code, and the factors to consider in sentencing in terms of balancing both rehabilitation as well as protection of the public and proper punishment.

N.T., 1/25/19, at 57-58.

The trial court discussed Appellant's rehabilitation needs and the gravity of the offense as it relates to the community as follows,

I think when this is done to a helpless infant, society has a responsibility to balance rehabilitation and proper punishment. I don't think boot camp and I don't think going below the guidelines is appropriate. I don't think the maximum is appropriate here either because I think Mr. Steele has remorse.

*Id*. at 62-63. Regarding Appellant's character, the ability of the trial court to observe Appellant, and the impact of the offense on the life of the victim, the trial court stated,

I think that the kind of injuries, the way it was done, this wasn't a situation where somebody was dropped inadvertently. This was direct, and in a sense, deliberate with the recklessness thrown in. I understand people are on marijuana. I don't think that's what necessarily caused it. I appreciate Mr. Steele is taking responsibility today, unlike others, and saying it was his fault and he's going to have to live with it. Whatever I do here doesn't matter in the sense of [A.S.] other than it - - I think when an injury happens to a helpless baby, with the injuries made like this with the violent shaking and the lifelong consequences, this is the appropriate sentence.

- 11 -

N.T., 1/25/19, at 62-63.

The record thus shows that the trial court not only considered the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, but also Appellant's rehabilitative needs. We find no merit to Appellant's argument that the trial court failed to impose an individualized sentence.

Appellant's argument that the trial court erred in failing to state sufficient reasons for its sentence is plainly contradicted by the record.

> Where the court's sentencing colloquy shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the presentence report, an adequate statement of the reasons for the sentence imposed has been given.

***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999) (citation and quotation marks omitted). As discussed above, the record demonstrates that the trial court had and considered the PSI report and Appellant's prior record score, and heard from and listened to personal character witnesses. Additionally, the trial court considered Appellant's remorse and rehabilitative options before sentencing Appellant. Therefore, this contention fails.

Appellant, in his final argument, asserts that the trial court erred in relying on information already taken into account by the offense gravity score. Appellant argues that the trial court erroneously focused on the severity of the injuries to A.S. and her age because those factors were already accounted for by the sentencing guidelines. Appellant's Brief at 35-37.

It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence to the aggravated or mitigated range.

*Watson*, 228 A.3d at 937 (emphasis in original) (citation and quotation marks omitted).

The trial court stated, in its Pa.R.A.P. 1925(a) opinion,

While the offense gravity score takes into account the seriousness of the aggravated assault charge, it does not take into account the vulnerability and age of the complainant, the relationship of the complainant to the appellant, and the actions of appellant after he inflicted injury. The complainant, appellant's biological daughter, was three months old at the time of the incident; she was unable to care for herself and was reliant on appellant to nurture and protect her. In her state of vulnerability, the complainant began to seize, and appellant did not promptly call 911. He failed to immediately get his child help because he feared how it would be perceived by the police.

TCO at 6. In addition, at the sentencing hearing the trial court stated,

The guidelines, which call for 66 to 84 [months' incarceration for the charge of Aggravated Assault], I don't think they contemplated these kinds of injuries with an aggravated assault. I think there is different kinds of aggravated assaults. There is different kinds of consequences of an aggravated assault. There are kids who can be badly assaulted, but do recover, fortunately, or have some deficiencies or problems, but manage to overcome them and live with them. Unfortunately, from what I heard about [A.S.], she has such severe injuries that it will be basically impossible for her to overcome these and live any kind of normal life.

N.T., 1/25/19, at 61. The trial court also considered the following,

[Appellant] is right. He has to live with that the rest of his life. The remorse, I'm sure he has tremendous remorse for

- 13 -

what happened. The actions at the time are very disturbing; of not going to the hospital immediately when seeing the baby; of Googling shaken baby and being concerned that he was going to be blamed when his child that he loves has these kind of severe injuries.

N.T., 1/25/19, at 61.

This Court has stated,

Trial courts can use information included in the guidelines to supplement other peripheral sentencing information. For example, courts can consider a defendant's prior convictions in conjunction with past unsuccessful attempts to rehabilitate, or the fact that the new crimes violated parole, or that the defendant's ongoing criminal record demonstrated a threat to public safety or a general disregard for private property, even though the guidelines take into account those prior convictions.

***Watson***, 228 A.3d at 937 (citations omitted). Additionally,

[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range. The sentencing court, however, must also consider the sentencing guidelines.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (brackets in original) (quotation marks omitted). An offense gravity score of 12 is assigned to Aggravated Assault when serious bodily injury is caused to a child under the age of 13 by a person over the age of 18. ***See*** 204 Pa.Code § 303.15.

The trial court did not abuse its discretion in noting the extreme disparity in the ages of the Appellant, 22 years old, and A.S., under three months old, given the helplessness of a baby under three months and the special

relationship between Appellant and A.S. The trial court was deliberate in its consideration of the extreme disparity of the age of A.S. and extreme injuries to A.S. in conjunction with its consideration of the factors in Section 9721, relating to the impact of the crime on the victim. The trial court did not abuse its discretion in doing so. *See Commonwealth v. Durazo*, 210 A.3d 316, 324 (Pa. Super. 2019) (concluding nothing prevents a trial court from considering the extreme age difference of the victim in sentencing, where victim was 5 weeks old and appellant was charged with aggravated assault).

Moreover, while the trial court did speak about the injuries to A.S. and her age as factors it considered in fashioning it's sentence, it was not the sole consideration as demonstrated above. Appellant's reliance on *Culverson,* 34 A.3d 135 (Pa. Super. 2011) is misplaced. In *Culverson*, the trial court sentenced the appellant to 18-90 years' incarceration and stated one sentence in support of its sentence, based entirely on the impact of the crime on the victim. Additionally, the trial court erroneously stated it did not have any "discretion to impose a maximum sentence of less than the statutory limit." *Id.* at 145. This Court found the trial court's discussion in support of its sentence impermissible as it "did not expound on specific sentencing factors but instead premised the sentence imposed on testimony adduced primarily from the rape victim, her family and friends." *Id*. at 144. *Culverson* is distinguishable because the trial court, as described above, discussed the appropriate sentencing considerations.

While the trial court sentenced Appellant outside of the sentencing guidelines for the Aggravated Assault charge, we find the sentence is reasonable. The trial court considered the nature and the circumstances of the offense and the history and characteristics of Appellant, had the opportunity to observe Appellant, had the benefit of the PSI report, adequately stated its findings upon which the sentence was based, and considered the guidelines promulgated by the commission. *See* 42 Pa.C.S. § 9781(d); *Durazo*, 210 A.3d at 324 (sentence outside the guidelines found reasonable where trial court considered all the factors in § 9781(d) and had a PSI report). We, likewise, find Appellant's sentence is reasonable. Based on the foregoing, we will not disturb the trial court's discretion. *See Lekka*, 210 A.3d at 353.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2021